The Chief Justice
delivered the opinion of the court.
Tho proceedings in this case are in unlawful detainer.
*150 The complaint charges the defendants, Isaac Snedeker and Jacob Snedeker, with “having been a tenant for one-year ” of -the premises in question, and “ so being in possession of the said premises as a tenant for one year,” with wilful holding over and unlawful detention. Isaac Snedeker was found guilty ; Jacob Snedeker, not guilty; and restitution was adjudged.
One of the reasons for reversal is, that the justice erredl in his charge to the jury.
Of the charge, different views were entertained by the-counsel and hence it becomes necessary to ascertain its doctrine with precision, so far as it is made the subject of exception.
From the entries on the justice’s docket, it appears that-the defendants’ counsel called on the court to charge the jury, that if “ they find that Jacob Snedeker was not a joint tenant with *Isaac Snedeker, of the premises in question, they ought to find a verdict against the plaintiff; and if they find that Jacob Snedeker was not in possession of the-premises under Quick, as charged by him in his complaint, they ought to find a verdict in favor of the defendants.”’ To which the justice answered in charge to the jury, “ that-they might acquit the one and convict the other; that they might find Jacob Snedeker guilty or not guilty.” In the call thus made on the justice I understand him to have had more than the mere question of holding over, presented tollina, and in his instruction to the jury, to have said more-than, as was supposed by the counsel of the defendant in certiorari, that if the one held over and the other not, the-one might be convicted and the other acquitted. I understand the charge, in effect, to have been that if Jacob wa& not a joint tenant with Isaac, of the premises, and if Jacob-was not in possession under Quick, as charged in the complaint, and Isaac was, the jury ought not, in such case, to-find generally for the defendants, but that they might convict the one and acquit the other, find Isaac guilty and *151 Jacob not guilty; that they might find Isaac guilty, although Jacob had not been a joint tenant with him, and although the latter had not been in the possession of the premises. If such is not the charge, if it is to be understood in the resticted manner supposed by the defendants’ counsel, then the justice must have omitted to instruct the jury on a material point when requested by the party who now complains of the verdict.
In this charge, the justice, in my opinion, erred. If the defendants had not been jointly the tenant of Quick, as charged in the complaint, and if Jacob had not been in possession under Quick, the complainant had failed to make out a joint cause of action, as alleged, and the verdict should have been for the defendants.
The facts necessary to sustain an unlawful detainer, are of a mixed nature; in part from contract and in part from tort. There must be a lawful tendency and an unlawful or tortious detention after its expiration. The tenancy should be proved as alleged. If a tenancy of two or more is averred, such a tenancy should be proved. By a different rule, a departure from the established laws of pleading, would not only be allowed, but ^serious inconvenience might ensue, and oftentimes very oppressive devices be practised. In Kerr v. Phillips, 2 South. 820, one of the court said, " The defendants held the lands in severalty, not as joint tenants or tenants in common. The justice could not therefore unite them all in one action,” as he had done. The charge then being, in my opinion, erroneous in a material point, the judgment ought not, I think, to be permitted to stand.
Ford, J., and Drake, J., concurred.